IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

LILLY MARTIN, JEAN TOURVILLE, JANE GOULD, and ALFREDO MENDOZA, individually, and on behalf of all other similarly situated,

      *Plaintiffs*,

  v.

KCBX TERMINALS COMPANY, et al.

      *Defendants*.

## NOTICE OF REMOVAL BY DEFENDANTS KCBX TERMINALS COMPANY, KM RAILWAYS, LLC AND KOCH CARBON, LLC

  Defendants KCBX Terminals Company ("KCBX"), KM Railways, LLC ("KMR"), and Koch Carbon, LLC ("Koch Carbon"), by their counsel, hereby give notice of removal of this action, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois.

### I.  BACKGROUND

  1.  On or about October 31, 2013, Plaintiffs Lilly Martin, Jean Tourville, Jane Gould, and Alfredo Mendoza filed a "Class Action Complaint" against KCBX, KMR, Koch Carbon, and other defendants in the Circuit Court of Cook County, Illinois, styled *Lilly Martin, et al. v. KCBX Terminals Company, et al.*, No. 2013-CH-24614. (A copy of the "Class Action Complaint" ("Complaint") is attached as Exhibit A.)[1]

---

[1] Copies of all additional filings in the state court action are attached as Exhibit B. (*See* ¶ 13, *infra*.)

2. KCBX, KMR, and Koch Carbon accepted service of the Complaint on or about November 11, 2013.

3. Plaintiffs generally allege that they and two purported subclasses of similarly situated persons and entities currently and formerly residing or located in the South Deering and Elgin neighborhoods of Chicago have been damaged allegedly as a result of the migration of coal and petroleum coke from Defendants' facilities in Chicago onto or near plaintiffs' properties and/or businesses. (*See* Ex. A ¶¶ 8, 68.) Plaintiffs seek compensatory and punitive damages, attorneys' fees, and injunctive relief. (*Id.* ¶¶ 59-85.)

## II. GROUNDS FOR REMOVAL

4. Plaintiffs' claims are removable because the Class Action Fairness Act ("CAFA") provides this Court with jurisdiction. 28 U.S.C. §§ 1332(d), 1453. CAFA extends federal jurisdiction to proposed class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant; (2) the proposed class is composed of more than 100 members; and (3) the amount in controversy is $5 million or more, aggregating all of the proposed class members' claims and excluding interests and costs. 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B). CAFA defines a class action as any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure . . . ." 28 U.S.C. § 1332(d)(1)(B). Each of these requirements of CAFA is met here.

### A. Minimal Diversity

5. Each of the four named plaintiffs alleges that their residences are located in the South Deering and Elgin neighborhoods of Chicago. (Ex. A ¶¶ 10-13.) In addition, plaintiffs allege two subclasses. (*Id.* ¶ 52.) Plaintiffs' first proposed subclass is alleged to consist of "[a]ll persons and entities currently and formerly located in the South Deering and Elgin

neighborhoods [of Chicago] who have suffered property damage, and an interference with their use, peace and quiet enjoyment of their property, as a result of the migration of coal and petcoke dust onto or near their property." (*Id.*) Plaintiffs' second proposed subclass is alleged to consist of "[a]ll persons and entities in the South Deering and Elgin neighborhoods whose peace and quiet enjoyment is currently and will continue to be interfered with by the migration of coal and petcoke dust onto or near their property." (*Id.*) Plaintiffs allege further that the proposed class members include "current and former residents and businesses" (*id.* ¶ 8) in these Chicago neighborhoods.

6. Accordingly, at least the named plaintiffs, as well as the members of the proposed class who are claimed to be current residents, are alleged to be domiciled in the State of Illinois and thus citizens of Illinois for purposes of diversity jurisdiction.

7. Defendant KCBX is a North Dakota corporation, and its principal place of business is Wichita, Kansas, not Illinois. In addition, KMR and Koch Carbon are Delaware limited liability companies that have their principal place of business in Wichita, Kansas and no members in Illinois. Accordingly, KCBX, KMR, and Koch Carbon are not citizens of Illinois, 28 U.S.C. § 1332(c)(1). Therefore, minimal diversity is established under CAFA at least as between the plaintiffs discussed above and Defendants KCBX, KMR, and Koch Carbon. 28 U.S.C. § 1332(d)(2)(A) (diversity requirement for federal jurisdiction purposes is satisfied if minimal diversity exists, i.e., "*any* member of a class of plaintiffs is a citizen of a State different from *any* defendant") (emphasis added)).

### B. Number Of Class Members

8. The CAFA requirement that the putative class must consist of more than 100 individuals (*see* 28 U.S.C. § 1332(d)(5)(B)) also is satisfied. Plaintiffs affirmatively allege that the "putative Class includes thousands of people, businesses, and property owners" in these Chicago neighborhoods. (Ex. A ¶ 53.)

### C. Amount In Controversy

9. The amount in controversy in this case well exceeds $5 million. In taking this position, KCBX, KMR, and Koch Carbon do not concede that plaintiffs or any putative class members are entitled to recover any amount, only that the amount placed in controversy by plaintiffs' allegations and the facts set forth below exceeds the jurisdictional threshold.

10. CAFA requires aggregation of the value of all putative class members' claims when determining whether the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d)(6). Plaintiffs and their proposed class allege negligence, trespass, and private nuisance claims against KCBX, KMR, and Koch Carbon and all other defendants, and seek "compensatory damages, punitive damages, and reasonable attorney's fees and costs" for each of these claims. (Ex. A ¶ 65, 68, and 73.) Plaintiffs also request injunctive relief. (*Id.* Count IV.) As set forth above, plaintiffs further allege that their "putative Class includes thousands of people, businesses, and property owners" (*id.* ¶ 53) and describe the geographic area covering their proposed class to be "densely populated" and "one of the largest metropolitan areas in the country." (*id.* ¶ 84).

11. Estimates of the amount in controversy are necessary here because plaintiffs have not tied their requested relief to specific dollar amounts in their Complaint. *See Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) ("We have acknowledged the difficulty a

defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims.").

12. As an initial matter, plaintiffs' claim for compensatory damages alone is sufficient to place the amount in controversy beyond the requisite $5 million threshold. For each of the "thousands of people, businesses, and property owners" in the proposed class, plaintiffs seek compensatory damages for "the diminution of value of their homes and property." (Ex. A ¶ 40.) Even if plaintiffs' allegation that there are "thousands of people" in their proposed class was conservatively limited to mean that there are only 2,000 putative class members, average damages of greater than just $2,500 per plaintiff for alleged diminished property values alone would place the amount in controversy beyond the $5 million threshold.

13. In addition to seeking compensatory damages for alleged diminished property values, however, plaintiffs and the proposed class members also seek to recover compensatory damages for, among other things, "large sums of money for replacing, repairing, and/or remediating the damage" (*id.* ¶ 51); the loss of the "use and enjoyment of their homes, property and businesses" (*id.* ¶ 8); and the alleged "detsr[uction]" of various items of their personal property (*id.* ¶ 49). Although plaintiffs' claims for alleged diminished property values alone more than satisfy the minimum amount in controversy requirement, these additional components of purported compensatory damages raise the amount in controversy even higher beyond the $5 million minimum amount.

14. Adding further to the amount in controversy, which already is satisfied by considering compensatory damages alone as set forth above, plaintiffs also seek punitive damages pursuant to each of their claims under Illinois law. (*See* Ex. A, Counts I-III at Request for Relief, subp. (d).) Punitive damages are properly considered in determining the amount in

controversy. *See Cadek v. Great Lakes Dragway, Inc.,* 58 F.3d 1209, 1211-12 (7th Cir. 1995). Although KCBX, KMR, and Koch Carbon deny that plaintiffs are entitled to any damages, including punitive damages, adding just a one-to-one ratio of punitive damages to compensatory damages places the amount in controversy even further beyond the $5 million jurisdictional minimum amount.

15. Adding further to the amount in controversy, which already is satisfied by considering compensatory and punitive damages, plaintiffs also seek injunctive relief. Plaintiffs request an injunction ordering Defendants to "stop owning, maintaining, controlling, and/or operating their land and terminals" in a manner that causes petcoke dust to affect the plaintiffs' properties. (*See* Ex. A, Count IV at Request for Relief, subp. (d).) They also ask for injunctive relief that orders Defendants to "abate the ongoing nuisance that they have created . . . ." (*Id.*) By placing in controversy the ownership of the properties at issue (*id.*), each plaintiff's claim for injunctive relief alone satisfies the jurisdictional minimum amount. Indeed, plaintiffs allege that the land spans a "half-mile square area" (*id.* ¶ 29), and KCBX, KMR, and Koch Carbon submit that its present value is well in excess of $5 million. In addition, the purported operational changes that plaintiffs have placed in controversy by their request for an abatement also place the amount in controversy beyond the jurisdictional minimum. (*See also e.g.,* Ex. A at Ex. C thereto (describing purported $7.5 million facility).) Accordingly, adding the amount placed in controversy by plaintiffs' request for injunctive relief to the amount placed in controversy by plaintiffs' request for compensatory and punitive damages demonstrates further that the action readily exceeds the $5 million amount in controversy requirement. 28 U.S.C. § 1332(d)(2).

6

### D. Plaintiffs Are Asserting Purported Class Claims

16. Plaintiffs bring their class action pursuant to 735 ILCS 5/2-801, the Illinois class action statute. (Ex. A ¶ 52.) Given that this is a state class action statute, it qualifies under CAFA as a "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

## III. COMPLIANCE WITH REMOVAL STATUTE

17. This Notice of Removal is properly filed in the United States District Court for the Northern District of Illinois because the Circuit Court of Cook County, Illinois, is located in this federal judicial district. *See* 28 U.S.C. § 1441(a); 28 U.S.C. § 93(a)(1).

18. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. 28 U.S.C. § 1446(a).

19. This action was commenced on or about October 31, 2013, and KCBX, KMR, and Koch Carbon accepted service on or about November 11, 2013. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service.

20. Consent to federal jurisdiction by all defendants is not necessary given that the basis for jurisdiction is CAFA. 28 U.S.C. § 1453(b).

21. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon KCBX, KMR, and/or Koch Carbon or contained within the state court docket in this action are attached as Exhibits A and B.

22. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and a copy, along with a Notice of Filing of the Notice of Removal, is being filed with the Clerk of the Circuit Court of Cook County, Illinois.

23. Defendants reserve the right to amend or supplement this Notice of Removal, and reserve all rights and defenses, including those available under Federal Rule of Civil Procedure 12.

## IV. CONCLUSION

For the foregoing reasons, KCBX, KMR, and Koch Carbon respectfully request that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of Cook County, Illinois. KCBX, KMR, and Koch Carbon further request whatever other relief the Court deems appropriate.

Dated: November 20, 2013                             QUINN EMANUEL URQUHART & SULLIVAN, LLP

Respectfully submitted,

By __s/ Stephen A. Swedlow_____
Stephen A. Swedlow (ARDC No. 6234550)
Quinn Emanuel Urquhart & Sullivan, LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: stephenswedlow@quinnemanuel.com
Attorneys for KCBX Terminals Company, KM Railways, LLC, and Koch Carbon, LLC

**CERTIFICATE OF SERVICE**

I, Stephen Swedlow, hereby certify that I caused a copy of the foregoing NOTICE OF REMOVAL BY DEFENDANTS KCBX TERMINALS COMPANY, KM RAILWAYS, LLC, AND KOCH CARBON, LLC to be served upon the parties listed below, by U.S. Mail, this 20th day of November, 2013:

> Attorney for Plaintiffs
> Thomas A. Zimmerman, Jr.
> Zimmerman Law Offices, P.C.
> 77 West Washington Street, Suite 1220
> Chicago, Illinois 60602
>
> Attorney for Defendant George J. Beemsterboer, Inc.
> Swanson, Martin & Bell, LLP
> Michael J. Maher
> 330 N. Wabash
> Suite 3300
> Chicago, Illinois 60611
>
> Transload Realty, LLC
> Frank J Beelman III
> One Racehorse Drive
> East St. Louis, Illinois 62205
>
> DTE Chicago Fuels Terminal, LLC
> Lisa A. Muschong
> One Energy Plaza
> 2057 WCB
> Detroit, MI 48226

Calumet Transload Railroad, LLC
Sheldon L. Lebold
16061 South 94th Avenue
Orland Hills, Illinois 60477



By __*s/ Stephen A. Swedlow*_____
Stephen A. Swedlow
Attorney for KCBX Terminals Company, KM Railways, LLC, and Koch Carbon, LLC



Stepehen A. Swedlow (ARDC No. 6234550)
Quinn Emanuel Urquhart & Sullivan, LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401
Email: stephenswedlow@quinnemanuel.com