**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **LILLY MARTIN**, **JEAN TOURVILLE**, **JANE GOULD**, and **ALFREDO MENDOZA**, individually, and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 13 cv 08376 |
| **KCBX TERMINALS COMPANY**, a North Dakota corporation, | ) ) | Judge John J. Tharp, Jr. |
| **GEORGE J. BEEMSTERBOER, INC.**, an Indiana corporation, | ) ) | Magistrate Susan E. Cox |
| **KM RAILWAYS, LLC**, a Delaware limited liability company, | ) ) | |
| **TRANSLOAD REALTY, LLC**, an Illinois limited liability company, | ) ) | |
| **DTE CHICAGO FUELS TERMINAL, LLC**, a Michigan limited liability company, | ) ) | |
| **CALUMET TRANSLOAD RAILROAD, LLC**, an Illinois limited liability company, and | ) ) | |
| **KOCH CARBON, LLC**, a Delaware limited liability company, | ) ) | |
| Defendants. | ) ) | |

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's standing order, the parties submit this Joint initial Status Report.

**1.     The Nature of the Case:**

    **A.     Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

*Plaintiffs Lilly Martin, Jean Tourville, Jane Gould, and Alfredo Mendoza:*

Thomas A. Zimmerman, Jr. (lead attorney)
Adam M. Tamburelli
Frank J. Stretz
ZIMMERMAN LAW OFFICES, P.C.

*Defendant KCBX Terminals Company, KM Railways, LLC, and Koch Carbon, LLC:*

Stephen A. Swedlow
QUINN EMANUEL URQUHART & SULLIVAN, LLP
500 West Madison Street, Suite 2450

77 W. Washington Street, Suite 1220          Chicago, Illinois 60661
Chicago, Illinois 60602                      Tel: 312.705.7430
Tel: 312.440.0020


*Defendant DTE Chicago Fuels Terminals,*    *Defendant George J. Beemsterboer, Inc.*
*LLC:*                                       *and Calumet Transload Railroad, LLC:*


S. Patrick McKey (lead attorney)             Michael J. Maher (lead attorney)
Donald A. Cole                               Christopher T. Sheean
Thor W. Ketzback                             SWANSON, MARTIN & BELL LLP
BRYAN CAVE LLP                               330 North Wabash Avenue, Suite 3300
161 North Clark Street, Suite 4300           Chicago, Illinois 60611
Chicago, Illinois 60601                      Tel: 312.321.9100
Tel: 312.602.5000


*Defendant Transload Realty, LLC:* [1]

Troy A. Bozarth
HEPLERBROOM, LLC
103 W. Vandalia, Suite 2900
Edwardsville, Illinois 62025
Tel: 618.656.0184

**B.      Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third party claims.**

In their Class Action Complaint, Plaintiffs, individually and on behalf of all others similarly situated, allege that Defendants own, operate, maintain, and/or control one or more of three adjacent storage and transfer terminals, on which rest large, uncovered piles of coal and petroleum coke (or, "petcoke") dust. Plaintiffs allege that Defendants' actions and inaction has caused the migration of this coal and petcoke dust onto and/or near the homes, property, and business of Plaintiffs and putative Class members.

Plaintiffs allege claims for private nuisance, trespass, and negligence against all Defendants. Plaintiffs further allege a claim for a preliminary and permanent injunction against

---

[1]      Plaintiffs voluntarily dismissed their claims against Defendant Transload Realty, LLC on January 15, 2013, without prejudice. (*See* Dkt. No. 28).

Defendants KCBX Terminals Company, KM Railways, LLC, and George J. Beemsterboer, Inc.

None of the Defendants has asserted any counterclaims or third-party claims at this time.

**C.      Briefly identify the major legal and factual issues in the case.**

The major legal and factual issues in the case include:

1.      Whether Plaintiffs and Class members' air, homes, and property have been contaminated by coal and petcoke dust;

2.      Whether Defendants are responsible for the coal and petcoke dust contamination of Plaintiffs' and Class members' air, homes, and property;

3.      Whether Defendants have taken adequate steps to prevent coal and petcoke dust from contaminating Class members' air, homes, and property;

4.      Whether the presence of coal and petcoke dust on Plaintiffs' and Class members' homes and property has damaged Plaintiffs and Class members;

5.      Whether Defendants continue to own, operate, maintain, and/or control the coal and petcoke piles in such a manner that coal and petcoke dust continues to contaminate Plaintiffs' and Class members' air, homes, and property;

6.      Whether the operation, ownership and maintenance of Defendants' terminals have damaged Plaintiffs' and Class members' peace, quiet enjoyment and life routines, such that they should be compensated;

7.      Whether the Defendants' actions and inaction in owning, operating or maintaining their terminals constitute trespass;

8.      Whether the Defendants' actions and inaction in owning, operating or maintaining their terminals constitute nuisance;

9.      Whether the Defendants' actions and inaction in owning, operating or maintaining their terminals were negligent; and

10.     Whether the Court should enjoin the Defendants to ensure that coal and petcoke dust does not continue to contaminate Plaintiffs and Class members' air, homes, and property.

**D.     State the relief sought by any of the parties.**

With respect to Plaintiffs' claims for private nuisance, trespass, and negligence against all Defendants, Plaintiffs seek compensatory and punitive damages.  With respect to Plaintiffs' claim for a preliminary and permanent injunction against Defendants KCBX Terminals Company, KM Railways, LLC, and George J. Beemsterboer, Inc., Plaintiffs seek to enjoin these Defendants to either (1) stop owning, maintaining, controlling, and/or operating their land and terminals in a manner that permits coal and petcoke dust to contaminate the air, homes, and other property of the Plaintiffs and putative Class members, or (2) abate the ongoing nuisance that they have created by covering and/or enclosing the large piles of coal and petcoke at Defendants' terminals.

**2.     Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiffs' claims.**

**A.     Identify all federal statutes on which federal question jurisdiction is based.**

This matter was originally filed in the Chancery Division of the Circuit Court of Cook County, Illinois on October 31, 2013.  Defendants KCBX Terminals Company, KM Railways, LLC, and Koch Carbon, LLC filed a notice of removal to this Court on November 20, 2013. (*See* Dkt. No. 1).  Therein, these Defendants assert that Plaintiffs' claims are removable because the Class Action Fairness Act ("CAFA") provides this Court with jurisdiction.  *See* 28 U.S.C. §§ 1332(d), 1453.

**B.     If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

**1.     State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy (and, if so, the basis of that dispute).**

CAFA extends federal jurisdiction to proposed class actions where, *inter alia*, the amount in controversy, aggregating the claims of individual class members, exceeds the sum or value of $5,000,000, exclusive of interest and costs.  *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(6).

As set forth in Defendants KCBX Terminals Company, KM Railways, LLC, and Koch Carbon, LLC's notice of removal, Plaintiffs allege that their putative Class includes thousands of people, businesses, and property owners and describe the geographic area covering their proposed class to be "densely populated" and "one of the largest metropolitan areas in the country."  (*See* Dkt. No. 1, ¶ 9, citing Dkt. No. 1-A, ¶¶ 53, 84).  Plaintiffs seek compensatory damages for, *inter alia*, "the diminution of value of their homes and property."  (*See* Dkt. No. 1, ¶ 12, citing Dkt. No. 1-A, ¶ 40).  "Even if plaintiffs' allegation that there are 'thousands of people' in their proposed class was conservatively limited to mean that there are only 2,000 putative class members, average damages of greater than just $2,500 per plaintiff for alleged diminished property values alone would place the amount in controversy beyond the $5 million threshold."  (*See* Dkt. No. 1, ¶ 12).

Moreover, "plaintiffs and the proposed class members also seek to recover compensatory damages for, among other things, 'large sums of money for replacing, repairing, and/or remediating the damage'; the loss of the 'use and enjoyment of their homes, property and businesses'; and the alleged 'detsr[uction]' of various items of their personal property."  (*See* Dkt. No. 1, ¶ 13, citing Dkt. No. 1-A, ¶¶ 8, 49, 51).

Defendants assert that these aggregated alleged damages, coupled with Plaintiffs' requests for punitive damages and injunctive relief—which "plac[es] in controversy the ownership of the

properties at issue" and imposes "operational changes"—exceed the $5 million amount-in-controversy requirement.  (*See* Dkt. No. 1, ¶¶ 14-15).

There is no dispute between the parties that the amount in controversy, aggregating the claims of individual class members, exceeds the sum or value of $5,000,000, exclusive of interest and costs.

> **2.      Identify the state of citizenship of each named party.   For unincorporated associations, LLC's, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

CAFA extends federal jurisdiction to proposed class actions where, *inter alia*, any member of the proposed class is a citizen of a state different from any defendant.  *See* 28 U.S.C. §§ 1332(d)(2)(A).

Each of the four named Plaintiffs is domiciled in the State of Illinois, and is a citizen of Illinois.

Defendant KCBX Terminals Company is a North Dakota corporation with its principal place of business in Kansas.  This Defendant is a citizen of Kansas.

Defendant George J. Beemsterboer, Inc. is an Indiana corporation with its principal place of business in Indiana.  This Defendant is a citizen of Indiana.

Defendants KM Railways, LLC and Koch Carbon, LLC are Delaware limited liability companies that have their principal places of business in Kansas.  These Defendants are citizens of Kansas.

Defendant DTE Chicago Fuels Terminal, LLC is a Michigan limited liability company with its principal place of business in Michigan. This Defendant is a citizen of Michigan.

Defendant Calumet Transload Railroad, LLC is an Illinois limited liability company with its principal place of business in Illinois.  This Defendant is a citizen of Illinois.

3.      **Status of Service:  Identify any defendants that have not been served.**

All Defendants have been served.

Defendants KCBX Terminals Company, KM Railways, LLC, Koch Carbon, LLC, and DTE Chicago Fuels Terminal, LLC were served on November 5, 2013.  Defendant Calumet Transload Railroad, LLC was served on November 12, 2013. Defendant George J. Beemsterboer, Inc. waived service.

4.      **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if the consent unanimously and advise whether there is, or is not, unanimous consent.**

Confirmed.  Counsel for the parties are conferring with their respective clients, and there is not unanimous consent among the parties to proceed before a Magistrate Judge at this time.

5.      **Motions:**

A.      **Briefly describe any pending motions.**

Plaintiffs filed their Motion for Class Certification before the Chancery Division of the Circuit Court of Cook County, Illinois.  (*See* Dkt. No. 1-B).  Plaintiffs' motion is currently pending, but is not yet noticed for presentment before this Court after removal.

As noted below, all Defendants have filed motions to dismiss which are now pending and noticed for presentment on January 21, 2014.

B.      **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

All Defendants filed motions to dismiss the Complaint on January 15, 2014.

6.      **Status of Settlement Discussions:**

A.      **Indicate whether any settlement discussions have occurred;**

The parties have not discussed settlement, as it is premature at this time.  Discovery is necessary in order to adequately assess the size and scope of the class, and the merits of

Plaintiffs' allegations.

**B.    Describe the status of any settlement discussions; and**

The parties have not discussed settlement, as it is premature at this time.  Discovery is necessary in order to adequately assess the size and scope of the class, and the merits of Plaintiffs' allegations.

**C.    Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time, as it would be premature. Discovery is necessary in order to adequately assess the size and scope of the class, and the merits of Plaintiffs' allegations.

Respectfully submitted,

 s/ Thomas A. Zimmerman, Jr.
Thomas A. Zimmerman, Jr. (IL #6231944)
Adam M. Tamburelli (IL #6292017)
Frank J. Stretz (IL #6310264)
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
Tel: 312.440.0020
*Counsel for Plaintiffs and the Class*

s/ S. Patrick McKey
Steven P. McKey
Donald A. Cole
Thor W. Ketzback
BRYAN CAVE LLP
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
Tel: 312.602.5000
*Counsel for DTE Chicago Fuels Terminals, LLC*

s/ Troy A. Bozarth
Troy A. Bozarth
HEPLERBROOM, LLC
103 W. Vandalia, Suite 2900
Edwardsville, Illinois 62025
Tel: 618.656.0184
*Counsel for Transload Realty, LLC*

s/ Stephen A. Swedlow
Stephen A. Swedlow
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
500 West Madison Street, Suite 2450
Chicago, Illinois 60661
Tel: 312.705.7430
*Counsel for KCBX Terminals Company; KM Railways, LLC; and Koch Carbon, LLC*

s/ Christopher T. Sheean
Christopher T. Sheean
SWANSON, MARTIN & BELL LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Tel: 312.222.8559
*Counsel for George J. Beemsterboer, Inc. and*
*Calumet Transload Railroad, LLC*

## <u>CERTIFICATE OF SERVICE</u>

Thomas A. Zimmerman, Jr., an attorney, hereby certifies that he caused the above and foregoing motion to be served upon counsel of record in this case via the U.S. District Court CM/ECF System, prior to 5:00 p.m., on this day January 16, 2014.

<u>  s/ Thomas A. Zimmerman, Jr.  </u>