IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROSALIO CAMPOS, RAYMOND FIGUEROA, PATRICIA A. FISHER, SUSAN SADLOWSKI GARZA, JANE GOULD, LILLY MARTIN, ALFREDO MENDOZA, KEVIN P. MURPHY, JOANN PODKUL, and JEAN TOURVILLE, individually and on behalf of all other persons and entities similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CALUMET TRANSLOAD RAILROAD, LLC, DTE CHICAGO FUELS TERMINAL, LLC, GEORGE J. BEEMSTERBOER, INC., BEEMSTERBOER SLAG AND BALLAST CORPORATION, KCBX TERMINALS COMPANY, and KOCH CARBON, LLC,<br><br>*Defendants.* | Case No. 1:13-CV-08376<br>Consolidated with Case No. 1:13-CV-08499 and Case No. 1:13-CV-09038<br><br>Judge Manish S. Shah |

### KCBX TERMINALS COMPANY AND KOCH CARBON, LLC'S MOTION TO STRIKE EVIDENCE SUPPORTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND INCORPORATED MEMORANDUM OF LAW

Defendants KCBX Terminals Company ("KCBX") and Koch Carbon, LLC ("Koch Carbon") (collectively "Defendants") respectfully move to strike Exhibits A, C, F, G, H, I, J, and K to Plaintiffs' Motion for Class Certification and Incorporated Memorandum of Law ("Motion" or "Motion for Class Certification"), as well as the photograph included in the Motion, for the reasons set forth below.

1

**TABLE OF CONTENTS**

**Page**

FACTUAL BACKGROUND ...................................................................................................1

LEGAL STANDARD ..............................................................................................................2

ARGUMENT ............................................................................................................................3

A. The Affidavits are Contradicted by Deposition Testimony, not Based on Personal Knowledge, and Constitute Improper Expert Testimony .....................................................3

    1. The Affidavits of Martinez, Fisher, and Mendoza should be excluded because the affiants lack personal knowledge. .........................................................3

    2. The Affidavits of Martinez, Fisher, and Mendoza should be excluded because they are improper expert testimony. ............................................................6

    3. The Affidavit of Martinez should be excluded because it does not meet the requirements of an affidavit or an unsworn declaration. .........................................6

B. The Photograph Lacks any Indicia of Reliability ................................................................7

C. CDM Smith, Inc.'s Conclusions Should be Excluded as an Improper Expert Opinion and Hearsay ...............................................................................................................8

D. The EPA's Notice of Violation Constitutes Inadmissible Hearsay ...................................12

E. The State's Complaints Against KCBX and Beemsterboer are Inadmissible Hearsay .....................................................................................................................................13

CONCLUSION .......................................................................................................................14

## **TABLE OF AUTHORITIES**

**Page**

### CASES

*Allen v. Halliburton Co.*,
    No. CIV-13-715-M, 2015 WL 3622533 (W.D. Okla. June 9, 2015) .............................. 10

*Am. Honda Motor Co. v. Allen*,
    600 F.3d 813 (7th Cir. 2010) ................................................................................. 3, 9

*Bolden v. Walsh Grp.*,
    No. 06 C 4104, 2012 WL 1079898 (N.D. Ill. Mar. 30, 2012) ......................................... 3

*Ghazi v. Fiserv, Inc.*,
    904 F. Supp. 823 (N.D. Ill. 1995) .................................................................................. 7

*Hardin v. Wal-Mart Stores, Inc.*,
    2010 WL 3341897 (E.D. Cal. Aug 25, 2010) ................................................................ 9

*In re Imperial Credit Indus., Inc. Sec. Litig.*,
    252 F. Supp. 2d 1005 (C.D. Cal. 2003), *aff'd sub nom. Mortensen v. Snavely*, 145
    F. App'x 218 (9th Cir. 2005) ...................................................................................... 10

*Krys v. Aaron*,
    No. CIV.A. 14-2098 JBS, 2015 WL 3857085 (D.N.J. June 22, 2015) ............................ 13

*Luminant Generation Co. v. EPA*,
    757 F.3d 439 (5th Cir. 2014) ...................................................................................... 12

*Mars Steel Corp. v. Cont'l Bank N.A.*,
    880 F.2d 928 (7th Cir. 1989) ........................................................................................ 2

*Mortensen v. Snavely*,
    145 F. App'x 218 (9th Cir. 2005) ................................................................................ 10

*Quality Mgmt. & Consulting Servs., Inc. v. SAR Orland Food Inc.*,
    No. 11 C 06791, 2013 WL 5835915 (N.D. Ill. Oct. 30, 2013) ................................... 3, 8

*Ramirez v. City of Chicago*,
    2010 WL 4065615 (N.D. Ill. Oct. 13, 2010) ................................................................ 12

*Reed v. Advocate Health Care*,
    268 F.R.D. 573 (N.D. Ill. 2009) .................................................................................... 3

*Ryan v. Brown*,
    227 F.3d 1042 (7th Cir. 2000) .................................................................................... 14

*Ryan v. State*,
    1999 WL 59982 (N.D. Ill. Feb. 3, 1999) *aff'd sub nom. Illinois ex rel. Ryan v.
    Brown*, 227 F.3d 1042 (7th Cir. 2000) ................................................................. 13, 14

*Schaeffer v. Pulte Home Corp.*,
  No. 11 CV 8908, 2013 WL 5289385 (N.D. Ill. Sept. 18, 2013) .................................... 7, 8

*Sierra Club v. EPA*,
  557 F.3d 401 (6th Cir. 2009) ....................................................................................... 13

*Tokio Marine & Fire Ins. Co. v. Norfolk & W. Ry. Co.*,
  172 F.3d 44, 1999 WL 12931 (4th Cir. 1999) ............................................................. 10

*Trapaga v. Cent. States Joint Bd. Local 10*,
  No. 05 C 5742, 2007 WL 1017855 (N.D. Ill. Mar. 30, 2007) ...................................... 6, 7

*WildEarth Guardians v. EPA*,
  728 F.3d 1075 (10th Cir. 2013) ................................................................................... 13


### STATUTES

28 U.S.C. § 1746 ............................................................................................................... 6, 7

Fed. R. Evid. 101 ................................................................................................................. 2

Fed. R. Evid. 1101 ............................................................................................................... 3

Fed. R. Evid. 23 ................................................................................................................... 2

Fed. R. Evid. 26(a)(2)(B) ..................................................................................................... 9

Fed. R. Evid. 702 ................................................................................................. 6, 9, 11, 12

Fed. R. Evid. 802 ............................................................................................................... 12

Fed. R. Evid. 803(8) ........................................................................................................... 13

**FACTUAL BACKGROUND**

Defendants file the present motion concurrent with their Response to Plaintiffs' Motion for Class Certification. Plaintiffs seek certification of a class of "[a]ll persons and entities that owned property within the Class Area at any time during the period from October 31, 2008 to and including September 1, 2014." Motion, Dkt. No. 157, at 1. Plaintiffs arbitrarily define the Class Area as a rectangle without any expert support for the existence of a substantial invasion of anyone's property. Instead, Plaintiff propose a box on a map bounded by "Torrence Avenue on the West, 95th Street on the North, the Illinois-Indiana border on the East, and 114th Street on the South." *Id.* at 1-2. Plaintiffs rely upon substantively identical affidavits submitted by three members of the putative class in an attempt to support the geographic boundaries of the proposed Class Area. *Id.* at 1, 5, Exs. A, F, G. Although the affiants state that they "have observed materials from the Facilities blowing off of the Facilities and settling on properties within the [Class Area]," *id.* at Exhibits A, F, G, all three affiants admitted during their deposition that they have not in fact observed dust from the Facilities settling within the proposed class area. Ex. 1 (Mendoza Tr.), at 52:24-53:11; Ex. 2 (Martinez Tr.), at 45:23–46:8; Ex. 3 (Fisher Tr.), at 48:20-49:15. The Court should not consider the now-contradicted statements set forth in the affiants' affidavits. Moreover, absent personal knowledge sufficient to support the putative class members' definition of the Class Area, the putative class members' affidavits constitute improper expert opinions.

Plaintiffs also rely on a photograph that they appear to have copied and pasted from the internet. Motion, at 4. However, Plaintiffs have not provided any information pertaining to when, where, or by whom the photograph was taken. Absent such foundation, the photograph must be stricken.

1

Plaintiffs attempt to somehow validate their class action claims by citing to further inadmissible evidence—materials prepared by the City of Chicago's consultant during a regulatory process, an unadjudicated Notice from the U.S. Environmental Protection Agency ("U.S. EPA"), and state court complaints. Motion, at 5-6. First, Plaintiffs cite opinions reached by the "City of Chicago's environmental contractor," CDM Smith, Inc. ("CDM Smith"), set forth in Exhibits H and I. *Id.* at 5, Exs. H, I. CDM Smith has not been disclosed as an expert in this litigation, has not prepared any opinions in connection with this litigation, and has not been qualified as an expert. CDM Smith's conclusions should be excluded as both improper expert opinions and hearsay. Further, Plaintiffs rely upon unadjudicated allegations included in a Notice of Violation ("NOV") prepared by the U.S. Environmental Protection Agency, at Exhibit K and in complaints filed by the State of Illinois in state court, at Exhibits C and J. *Id.* at 6, Exs. C, J, K. Such allegations are inadmissible hearsay.

Having failed to introduce an expert to define the proposed class area, Plaintiffs instead rely upon affidavits which are contradicted by sworn deposition testimony, and then attempt to bolster such clearly deficient opinions by reference to inadmissible evidence prepared by government agencies not in connection with this litigation and not for the purpose of defining the proposed class area.

For the reasons stated herein, Defendants request that exhibits A, C, F, G, H, I, J, and K, and the photograph submitted in support of Plaintiffs' Motion, be excluded pursuant to the applicable Federal Rules of Evidence.

## **LEGAL STANDARD**

The Court of Appeals for the Seventh Circuit has held that the Federal Rules of Evidence apply to proceedings under Rule 23. *Mars Steel Corp. v. Cont'l Bank N.A.*, 880 F.2d 928, 938 (7th Cir. 1989). "Federal Rule of Evidence 101, moreover, states that the Rules 'apply to

2

proceedings in the United States Courts.' And Rule 1101, in turn, does not except or change the application of the Rules of Evidence at the class-certification stage." *Quality Mgmt. & Consulting Servs., Inc. v. SAR Orland Food Inc.*, No. 11 C 06791, 2013 WL 5835915, at *3 (N.D. Ill. Oct. 30, 2013) (excluding evidence on a motion for class certification where the evidence was unreliable) (internal citations and quotations omitted).

Further, the Seventh Circuit requires courts to address the admissibility of expert opinions prior to ruling on a motion to certify the class. *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815-816 (7th Cir. 2010); s*ee also Bolden v. Walsh Grp.*, No. 06 C 4104, 2012 WL 1079898, at *6 (N.D. Ill. Mar. 30, 2012) (striking portions of an expert report relied upon in support of a motion for class certification); *Reed v. Advocate Health Care*, 268 F.R.D. 573, 594 (N.D. Ill. 2009) (conducting a *Daubert* inquiry on a motion for class certification).

## ARGUMENT

**A. The Affidavits are Contradicted by Deposition Testimony, not Based on Personal Knowledge, and Constitute Improper Expert Testimony**

*1. The Affidavits of Martinez, Fisher, and Mendoza should be excluded because the affiants lack personal knowledge.*

Plaintiffs attempt to justify the boundaries of their proposed Class Area by relying on the opinions of Richard Martinez[1], Patricia Fisher[2], and Alfredo Mendoza[3]. *See* Motion at 1-2, Exs. A, F, G. In his affidavit, Martinez states that:

> From at least October 2008 to the present time, depending on the size of the piles at the Facilities, I have observed materials from the Facilities *blowing off of the*

---

[1] Richard Martinez is not a putative class representative.

[2] Patricia Fisher's affidavit indicates that the southern border of the Class Area is 115th Street rather than 114th Street. However, the affidavit includes a map showing this border at 114th Street.

[3] Alfredo Mendoza's affidavit, like that of Martinez and Fisher, refers to an "attached exhibit," but no exhibit is actually attached to his affidavit.

3

> *Facilities and settling on properties* within the area outlined in the attached exhibit which includes Torrence Avenue on the west, 95th Street on the north, the Illinois-Indiana border on the east, and 114th Street on the south.

*Id.* at Ex. A (emphasis added). The exhibit includes a map of the proposed class area. *Id.* Plaintiffs attached substantively identical affidavits on behalf of Patricia Fisher and Alfredo Mendoza—both also swearing that they have "observed materials from the Facilities blowing off of the Facilities and settling on properties." *Id.* at Exs. F, G. Contrary to these statements, however, all three affiants testified that they have not observed dust settling within the proposed Class Area.

Martinez testified that he had in fact never observed "materials from the Facilities blowing off of the Facilities and settling on properties":

```
3    Q  And you don't have any personal observation
4    of dust coming off a pile and watching it land on
5    somebody's property?
6    A  No.
7    Q  "No" meaning you don't?
8    A  No, I do not.
```

Ex. 2 (Martinez Tr.), at 46:3–46:8. Instead of relying on his personal observations, of which he had none, Mr. Martinez testified that he created the map based on residents' hearsay statements which he heard while working as a legislative aide from 1995 to 1998 and in the course of two campaigns for alderman in 2011 and 2015. *Id.* at 24:16-25:6.

Alfredo Mendoza's testimony also contradicts his affidavit and demonstrates that he has no such personal knowledge:

```
5     Q  And you did not see any dust blowing off
6   the piles at the 106th Street facility in 2008?
7     A  No.
8     Q  And you did not see any dust blowing off
9   the piles at the 106th Street facility in 2009?
10    A  No.
11    Q  And you did not see any dust blowing off
12  the piles at the 106th Street facility in 2010,
```

4

```
13   2011, 2012, 2013 or 2014?
14     A   No.
15     Q   And I don't think I asked for each year for
16   the 100th Street facility, so let me go back and do
17   that.  At the 100th Street facility, when was the
18   last time you saw with your own eyes dust blowing
19   off the piles at the 100th Street facility?
20     A   2007.
21     Q   And you did not see any dust blowing off
22   the 100th Street facility in 2008 through today?
23     A   No.
```

Ex. 1 (Mendoza Tr.), at 46:5-23. Mr. Mendoza testified that he has only observed dust leaving one terminal in one instance, in 2014. *Id.* at 52:20-23. Mr. Mendoza also testified that he has only personally observed what he believed to be petcoke or coal dust on two properties within the proposed class area. *Id.* at 63:7-14.

Ms. Fisher's deposition testimony also contradicts the statements made in her affidavit and demonstrates a lack of personal knowledge as to the claims made therein. Ms. Fisher testified that she has never personally observed materials blowing off of two of the three facilities. Ex. 3 (Fisher Tr.), at 45:22-46:3, 48:11-19. With respect to the map of the proposed class area attached to her affidavit, Fisher testified that she did not know what the lines on the map indicated, who drew them, and was not even certain that she had seen the map before her deposition on October 21, 2015, nearly one month after the date appearing on her affidavit. *Id*. at 52:9-53:3.

The affidavits and testimony show that the affiants do not have personal knowledge of dust from Defendants' facilities landing in the class area and should not be considered by this Court to establish facts each have admitted are false.

5

> 2. *The Affidavits of Martinez, Fisher, and Mendoza should be excluded because they are improper expert testimony.*

Where, as here, an opinion is not based on personal knowledge, Plaintiffs' opinions must qualify as expert opinions under Federal Rule of Evidence 702. Rule 702 requires an expert to be qualified as such by the expert's "knowledge, skill, experience, training, or education." Further, an expert's opinion must be "based on sufficient facts or data"; be "the product of reliable principles and methods"; and the expert must have "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. The Martinez, Fisher, and Mendoza affidavits lack any facts relevant to qualifying an expert under Federal Rule of Evidence 702. *See* Motion, at Exs. A, F, G. Because the putative class members' affidavits are not based on personal knowledge, and do not qualify as expert opinions, the affidavits must be stricken.

> 3. *The Affidavit of Martinez should be excluded because it does not meet the requirements of an affidavit or an unsworn declaration.*

Martinez's affidavit should also be excluded because it was not sworn before a notary and does not meet the requirements of 28 U.S.C. § 1746. Martinez's affidavit includes the precatory language, "[h]aving first been duly sworn," and bears a notary stamp and signature by Renee Williamson with a statement claiming that the document was subscribed and sworn before her. However, Martinez testified that he did not sign his affidavit in the presence of a notary.[4] Thus, his affidavit is actually an unsworn declaration that the Court may only consider if it meets the requirements of 28 U.S.C. § 1746. *Trapaga v. Cent. States Joint Bd. Local 10*, No. 05 C 5742, 2007 WL 1017855, at *2 (N.D. Ill. Mar. 30, 2007) ("None of Plaintiffs' affidavits was sworn to before a notary; therefore, each constitutes an unsworn declaration that can be

---

[4] Ex. 2 (Martinez Tr.) at 60:14-61:6 ("Q: Was Renee Williamson with you when you signed the document? A: No." . . . "And when you signed this document, nobody was there to notarize your signature? A: That's correct.").

6

admissible only pursuant to 28 U.S.C. § 1746."). 28 U.S.C. § 1746 only permits an unsworn statement to be used in place of an affidavit where it states "in writing of such person which is subscribed by him, [that the writer warrants it to be] true under penalty of perjury," but no such language is present in Martinez's affidavit. *Ghazi v. Fiserv, Inc.*, 904 F. Supp. 823, 827 (N.D. Ill. 1995) (excluding improperly notarized affidavits where "neither affiant states that he or she declares the contents of the affidavit to be true under the penalty of perjury"); *see also Trapaga*, 2007 WL 1017855, at *6 (excluding improperly notarized affidavits because, "[t]he [affidavits] however, which attest to the truth of the statements therein only 'under penalties of the law,' are not sufficient; that language is simply too vague to suggest that the affiants knew they were signing under penalty of perjury.").

B. **The Photograph Lacks any Indicia of Reliability**

Plaintiffs claim in their motion that "[t]he petcoke and coal dust contamination and pollution were plainly visible; it and the damage it caused were no surprise to Defendants." Motion, at 4. As the only support for that contention, Plaintiffs copied and pasted a photograph from the internet. *Id.* Plaintiffs claim that "[t]he picture below of petcoke and coal dust blowing from the Storage Facilities into the Class Area was *reportedly* taken during the Class Period in August 2013." *Id.* (emphasis added). Plaintiffs do not provide any information relating to where the photograph was taken, when it was taken, or by whom.

Because the photograph lacks any indicia of reliability, it must be excluded. In *Schaeffer v. Pulte Home Corp.*, the court decided not to consider photographs that the plaintiff had used to support an assertion on summary judgment that unfinished asphalt created an unnatural accumulation of ice. No. 11 CV 8908, 2013 WL 5289385, at *3 (N.D. Ill. Sept. 18, 2013). It decided that the photographs were likely inadmissible and could not create an issue of material fact because plaintiff did "not support the photographs with an affidavit as is required, stating

7

only in his response brief that the six photographs were taken by plaintiff 'after his fall and prior to Defendant placing the final layer of asphalt on the roadway,'" and that the photographs "purport to show a roadway, but there is no indication from the photographs where in relation to Schaffer's fall the photographs are taken or whether the conditions depicted therein are in any way comparable to the conditions on December 26, 2009." *Id.; see also Quality Mgmt. & Consulting Servs., Inc. v. SAR Orland Food Inc.*, 2013 WL 5835915, at *4 (N.D. Ill. Oct. 30, 2013) (refusing to consider a list of fax recipients for class certification purposes when the plaintiffs failed to provide a foundation for the document by identifying the source of the information in the list). Here, plaintiffs have not supported the photograph with any affidavit, nor does the photograph provide an indication of its location or the conditions under which it was taken. Plaintiffs cannot even state with any certainty that the photograph was taken during the proposed class period. Plaintiffs have had an opportunity to obtain discovery pertaining to this photograph, and have not done so.

C. **CDM Smith, Inc.'s Conclusions Should be Excluded as an Improper Expert Opinion and Hearsay**

Plaintiffs rely on CDM Smith's purported conclusion that "KCBX's operations are currently impacting surrounding areas." Motion, at 5. CDM Smith's conclusions should be excluded for four reasons. First, CDM Smith was not disclosed as an expert in this litigation pursuant to this Court's order that "Plaintiffs' expert disclosure and report shall be served by 8/27/15." Dkt. No. 154. Second, CDM Smith's opinions were not prepared in connection with this litigation. *See id.* at Exs. H, I. Third, Plaintiffs failed to qualify CDM Smith as an expert under Federal Rule of Civil Procedure 702. Fourth, CDM Smith's conclusions are inadmissible hearsay.

First, Plaintiffs did not disclose CDM Smith as an expert in this litigation. Plaintiffs' deadline to disclose experts for class certification purposes have been the subject of multiple discussions with the Court. The Court ordered that "Plaintiffs' expert disclosure and report shall be served by 8/27/15." Dkt. No. 154. Less than one week before their deadline to disclose their expert, Plaintiffs filed a motion seeking an extension of that deadline. *See* Dkt. Nos. 149, 152, 153, 154. To justify their request for an extension, Plaintiffs represented to this Court that "Plaintiffs have retained an environmental consultant" and that "the Consultant's work ha[d] commenced." Dkt. No. 149. However, no such expert has been disclosed. Plaintiffs cannot rely on CDM Smith's opinions.

Further, Plaintiffs' failure to disclose CDM Smith as an expert effectively precludes Defendants from raising a *Daubert* challenge to CDM Smith's opinions. *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 815-816, 819 (7th Cir. 2010) ("[T]he district court must perform a full *Daubert* analysis before certifying the class" because "expert testimony that is not scientifically reliable should not be admitted" at the class certification stage). Plaintiffs may not circumvent the applicable standards for the admissibility of expert testimony by citing to an expert's opinions in a separate matter without disclosing such expert in connection with this litigation.

Second, CDM Smith's opinions should be excluded because they were not prepared for purposes of this litigation. The court's reasoning in *Hardin v. Wal-Mart Stores, Inc.* is applicable here:

> [O]pinion or reports of experts retained in other cases involving the same defendant are not relevant to *this* action. If [expert's] testimony is to be offered in an expert witness capacity, a written report generated for purposes of *this* litigation rather than some other litigation should have been provided. The plain language of Rule 26(a)(2)(B) includes the following: 'a written report—prepared and signed by the witness . . . to provide expert testimony *in the case* . . .' The rule does not state 'in a case' or 'in any case.'

9

2010 WL 3341897, at *6 (E.D. Cal. Aug 25, 2010) (emphasis in original). CDM Smith's analysis was not "a written report [] prepared and signed by the witness." *Id.* Plaintiffs have not offered any sworn affidavit, declaration, or testimony to authenticate CDM Smith's technical memorandum or to support any of the statements or conclusions made therein.

Allowing CDM Smith's opinion would strip KCBX and Koch Carbon of their right to cross-examine an "expert" being used against them. *Id.* (finding that permitting testimony from an expert in another case "would not allow Defendant a reasonable opportunity to prepare for cross examination"); *Tokio Marine & Fire Ins. Co. v. Norfolk & W. Ry. Co.*, 172 F.3d 44 (Table), 1999 WL 12931, at *4 (4th Cir. 1999) (excluding an expert report where the expert was unavailable, reasoning that "[r]eports stating an expert opinion are not admissible without the preparer being present in court to testify as to his qualifications as an expert and to be cross-examined on the substance") (internal quotations and citations omitted); *Allen v. Halliburton Co.*, No. CIV-13-715-M, 2015 WL 3622533, at *2 (W.D. Okla. June 9, 2015) (holding that "[l]isting expert witnesses in other cases and providing [the defendant] the expert reports in other cases is not compliance with Rule 26(a) in relation to the instant cases" and allowing the use of such reports only where the defendant has an opportunity to depose the experts); *In re Imperial Credit Indus., Inc. Sec. Litig.*, 252 F. Supp. 2d 1005, 1011-12 (C.D. Cal. 2003), *aff'd sub nom. Mortensen v. Snavely*, 145 F. App'x 218 (9th Cir. 2005) (holding that "reliance by an expert upon [] excerpts from an opinion by another expert generated for the purposes of another litigation is improper . . . [and] therefore inadmissible."). KCBX and Koch Carbon attempted to avoid the situation in which they would not have an opportunity to cross-examine Plaintiffs' experts by requesting a deadline for Plaintiffs' disclosure of its experts in advance of their Motion for Class Certification. KCBX and Koch Carbon first raised the issue months ago, on

January 21, 2015, and have raised it at every hearing since. *See* Dkt. Nos. 128, 141, 143, 154. KCBX and Koch Carbon have not had an opportunity to depose CDM Smith. In fact, both KCBX and the Plaintiffs have subpoenaed CDM Smith's testimony and documents in connection with this litigation, and the Chicago Department of Public Health (on CDM Smith's behalf) has objected to both subpoenas in their entirety. It is impermissible for Plaintiffs to rely upon expert opinions prepared in an unrelated matter, particularly when Plaintiffs have failed to qualify CDM Smith as an expert pursuant to Federal Rule of Evidence 702, and neither Plaintiffs or Defendants have had an opportunity to depose CDM Smith.

Third, Plaintiffs did not even attempt to qualify CDM Smith as an expert under Federal Rule of Civil Procedure 702. Specifically, Plaintiffs failed to demonstrate that CDM Smith's opinions were "the product of reliable principles and methods." Fed. R. Evid. 702. For example, "CDM Smith did not collect dust samples from a control location, which means that its study cannot determine whether its samples are typical of Chicago in general, and therefore not indicative of any specific impact from the Facilities." Ex. 4 (MacIntosh Decl.), at ¶ 6. Further, CDM Smith's report "does not contain morphological or physical characteristics of the particles that would support a specific determination of material type" in the dust samples. *Id.* Thus, CDM Smith cannot even conclude that the dust samples contained petcoke or coal. Rather, CDM Smith asserts that select grains of dust are "consistent" with petcoke, or "consistent with coal or possibly diesel soot, or both." *Id.* The substantial limitations of CDM Smith's methodologies weigh against any determination that CDM Smith's opinions were the product of reliable principles and methods.

Additionally, Plaintiffs have not shown that CDM Smith "reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Plaintiffs have not demonstrated that

11

CDM Smith reliably applied the methodology it utilized. For example, Dr. David MacIntosh concluded that "[t]he dust particles that CDM Smith identified as being consistent with petcoke are not consistent with petcoke from the facility nearby." Ex. 4 (MacIntosh Decl.), at ¶ 6. He reasoned that "[t]he average concentrations of sulfur, vanadium, and nickel reported for the dust particles are statistically significantly different from the corresponding concentrations reported for the petcoke samples relied upon by CDM Smith, and thus are not consistent with petcoke from the facility nearby." *Id.* Because CDM Smith's opinions do not meet the requirements for expert opinions pursuant to Federal Rule of Evidence 702, Exhibits H and I should be excluded.

Finally, Exhibits H and I are also inadmissible as hearsay pursuant to Federal Rule of Evidence 802. *See Ramirez v. City of Chicago*, 2010 WL 4065615, at *1 (N.D. Ill. Oct. 13, 2010) (excluding an expert's report prepared in connection with another case on hearsay grounds) (citations omitted). Plaintiffs specifically cite CDM Smith's conclusion that "KCBX's operations are currently impacting surrounding areas." Motion, at 5. Plaintiffs are impermissibly relying on CDM Smith's out of court statements for their truth without any applicable hearsay exception, and as such, the statements must be stricken.

D. <u>The EPA's Notice of Violation Constitutes Inadmissible Hearsay</u>

Plaintiffs' Motion also claims that a United States EPA Notice of Violation, attached as Exhibit K, supports the affiants' observations. Plaintiffs cite the NOV for the proposition that the EPA "has taken wipe samples from homes in the Class Area indicating that soils have been impacted by petroleum coke from the KCBX facility." Motion, at 6. Setting aside the fact that the Notice does not state that the area surrounding KCBX's facilities was impacted by petcoke from KCBX's facilities, *see id.* at Ex. K, the Notice is not a final adjudication of the EPA's allegations. *Luminant Generation Co. v. EPA*, 757 F.3d 439, 443 (5th Cir. 2014) ("The statute makes clear the intermediate, inconclusive nature of issuing a [Notice of Violation].");

12

*WildEarth Guardians v. EPA*, 728 F.3d 1075, 1083 (10th Cir. 2013) (holding that a Notice of Violation does not demonstrate noncompliance with the Clean Air Act); *Sierra Club v. EPA*, 557 F.3d 401, 407-408 (6th Cir. 2009) (describing a Notice of Violation as an "initial 'finding' mark[ing] only the beginning of a process designed to test the accuracy of the agency's initial conclusions" and explaining that "[t]he statute says what it takes to make this initial 'finding,' moreover, and it is not much") (citations omitted). In fact, the Notice granted KCBX "an opportunity to confer with [the EPA] about the violations alleged in the NOV." Motion, at Ex. K. Like the CDM Smith exhibits, Plaintiffs offer the NOV for its truth, and it should be excluded as hearsay. Motion, at 6.

There are no hearsay exceptions applicable to the EPA's NOV, including the public records exemption set forth under Federal Rule of Evidence 803(8). In applying the public records exemption, "courts routinely exclude preliminary or interim government documents, on the basis that such reports fail to constitute 'factual findings' and lack adequate indicia of trustworthiness." *Krys v. Aaron*, No. CIV.A. 14-2098 JBS, 2015 WL 3857085, at *4 (D.N.J. June 22, 2015). Here, the EPA's NOV is not a public record because it is not a final determination. Moreover, Dr. MacIntosh's and Mr. Chinkin's review of the EPA's allegation in the Notice call into serious question the reliability of the allegations therein. Ex. 4 (MacIntosh Decl.), at ¶¶ 8-12; Ex. 5 (Chinkin Decl.), at ¶¶ 7-14.

E.  **The State's Complaints Against KCBX and Beemsterboer are Inadmissible Hearsay**

Plaintiffs further rely on allegations in complaints filed by the State of Illinois against Beemsterboer and KCBX. Plaintiffs clearly seek to offer the State's Complaints for the truth of the matter asserted—namely, that the Complaints "confirm[] affiants' observations that materials, including petcoke and coal dust, inundated the Class Area." Motion, at 5. In *Ryan v. State*, the court held that where a federal agency had sued certain of the defendants based on an

13

alleged violation of federal lending limits, the "specific allegations in the complaint are hearsay and are particularly prejudicial given the fact that the complaint was dismissed. Accordingly, to the extent the complaint is cited as evidence that the loans to Cosentino did in fact violate the federal lending limits, it is inadmissible and is stricken." 1999 WL 59982, at *3 (N.D. Ill. Feb. 3, 1999) *aff'd sub nom. Illinois ex rel. Ryan v. Brown*, 227 F.3d 1042 (7th Cir. 2000). Similar to *Ryan*, the allegations in the State's Complaints against Beemsterboer and KCBX are unadjudicated, and nevertheless being used for the truth of the matter. In fact, in their Answers, Beemsterboer and KCBX denied the very allegations that Plaintiffs assert. Exs. 6, 7 (Answers). Thus, the Complaints are inadmissible and must be excluded.

## CONCLUSION

Defendants respectfully request that this Court strike Exhibits A, C, F, G, H, I, J, and K, and the photograph submitted in support of Plaintiffs' Motion, along with all portions of Plaintiff's motion which rely upon them.

Dated: November 6, 2015

Respectfully submitted,

/s/ *Stephen A. Swedlow*
Stephen A. Swedlow (ARDC No. 6234550)
Michelle R. Schmit (ARDC No. 6313919)
Quinn Emanuel Urquhart & Sullivan, LLP
500 W. Madison St., Suite 2450
Chicago, IL 60661
Telephone: (312) 705-7400
Facsimile: (312) 705-7401

*Attorneys for KCBX Terminals Company and Koch Carbon, LLC*

**CERTIFICATE OF SERVICE**

I, Stephen Swedlow, hereby certify that I caused a copy of the foregoing to be served on November 6, 2015 to all counsel of record via the Court's ECF notification system.

>/s/ *Stephen A. Swedlow*
>*Attorney for KCBX Terminals Company and Koch Carbon, LLC*