**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ROSALIO CAMPOS, RAYMOND FIGUEROA, PATRICIA A. FISHER, SUSAN SADLOWSKI GARZA, JANE GOULD, LILLY MARTIN, ALFREDO MENDOZA, KEVIN P. MURPHY, JOANN PODKUL, and JEAN TOURVILLE, individually and on behalf of all other persons and entities similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>CALUMET TRANSLOAD RAILROAD, LLC, DTE CHICAGO FUELS TERMINAL, LLC, GEORGE J. BEEMSTERBOER, INC., BEEMSTERBOER SLAG AND BALLAST CORPORATION, KCBX TERMINALS COMPANY, and KOCH CARBON, LLC,<br><br>*Defendants.* | Case No. 1:13-CV-08376<br>Consolidated with<br>Case No. 1:13-CV-08499 and<br>Case No. 1:13-CV-09038<br><br>Judge Manish S. Shah |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT WITH DEFENDANTS KCBX TERMINALS COMPANY,
KOCH CARBON, LLC, AND DTE CHICAGO FUELS TERMINAL, LLC**

Before the Court is a motion by Representative Plaintiffs Rosalio Campos, Raymond Figueroa, Patricia A. Fisher, Susan Sadlowski Garza, Jane Gould, Lilly Martin, Alfredo Mendoza, Kevin P. Murphy, and Joann Podkul (together, "Representative Plaintiffs"), and their memorandum in support thereof, requesting that the Court enter an Order: (1) preliminarily approving a proposed class action settlement (the "Settlement") with defendants KCBX Terminals Company, Koch Carbon, LLC, and DTE Chicago Fuels Terminal, LLC (collectively, "Settling Defendants"); (2) certifying, pursuant to Fed. R. Civ. P. 23, the Settlement Class for settlement purposes only; (3) approving Notice to the Settlement Class and methods for dissemination of Notice set forth in the Notice Program as stated in the Declaration of Carla A. Peak on Settlement Notice Plan and Notice Documents ("Declaration of Carla A. Peak"); (4)

appointing Kurtzman Carson Consultants LLC ("KCC") as Notice Specialist and Claims Administrator; (5) appointing Rosalio Campos, Raymond Figueroa, Patricia A. Fisher, Susan Sadlowski Garza, Jane Gould, Lilly Martin, Alfredo Mendoza, Kevin P. Murphy, and Joann Podkul as Representative Plaintiffs; (6) appointing Ben Barnow, Barnow and Associates, P.C., and Thomas A. Zimmerman, Jr., Zimmerman Law Offices, P.C., as Co-Lead Settlement Class Counsel; (7) approving the Claim Form attached as Exhibit E to the Settlement; (8) approving the Postcard Notice, Summary Notice, and Detailed Notice attached as Exhibit B, C, and D, respectively, to the Settlement; and (8) scheduling a Final Fairness Hearing to consider entry of a final order approving the Settlement and the request for attorneys' fees, costs, expenses, and Representative Plaintiff incentive awards.

Having reviewed and considered the Settlement, the motion for preliminary approval of the Settlement and the supporting memorandum, the Court makes the following findings and grants the relief set forth below, preliminarily approving the Settlement contained in the Settlement upon the terms and conditions set forth in this Order. Terms and phrases in this Order shall have the same meaning as defined in the Settlement.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. Representative Plaintiffs' motion is GRANTED.

2. Having made the findings set forth below, the Court hereby certifies a plaintiff class for settlement purposes only in accordance with the terms of the Settlement (the "Settlement Class"). The Settlement Class is defined as:

> All Persons that owned property located within the Class Area at any time from October 31, 2008, to and including March 1, 2016.

"Class Area" means the area within the boundaries of Torrence Avenue on the West, 95th Street on the North, the Illinois-Indiana border on the East, and 114th Street on the South. Excluded

from the Settlement Class are Defendants and any of their officers, any entity in which Defendants have a controlling interest or which has a controlling interest in Defendants, Defendants' legal representatives, any municipal or governmental entity, and those Persons who timely and validly request exclusion from the Settlement Class.

3. The Court finds, for the purposes of settlement only, that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied in that:

(a) Settlement Class Members are so numerous that joinder of all members is impracticable;

(b) There are questions of law and fact common to each member of the Settlement Class;

(c) The claims of Representative Plaintiffs are typical of the claims of the Settlement Class;

(d) Representative Plaintiffs and Proposed Co-Lead Settlement Class Counsel have and will fairly and adequately represent the interests of the Settlement Class, and there are no conflicts of interest between Representative Plaintiffs and members of the Settlement Class;

(e) Questions of law and fact common to the members of the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and

(f) A class action is superior to other methods for the fair and efficient adjudication of the controversy.

4. Accordingly, the Court hereby certifies the Settlement Class, for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

5. The Court preliminarily approves the Settlement as fair, reasonable, and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and the Class Action

Fairness Act of 2005 ("CAFA"), subject to final consideration at the Final Fairness Hearing provided for below.

6. Rosalio Campos, Raymond Figueroa, Patricia A. Fisher, Susan Sadlowski Garza, Jane Gould, Lilly Martin, Alfredo Mendoza, Kevin P. Murphy, and Joann Podkul are appointed as representatives of the Settlement Class.

7. Ben Barnow, Barnow and Associates, P.C., and Thomas A. Zimmerman, Jr., Zimmerman Law Offices, P.C., are appointed as Co-Lead Settlement Class Counsel.

8. Kurtzman Carson Consultants LLC is appointed as Notice Specialist and Claims Administrator, as provided for in the Settlement.

9. The Court approves as to form and content the Claim Form attached as Exhibit E to the Settlement.

10. The Court approves the Notice Program set forth in the Declaration of Carla A. Peak, attached as Exhibit A to the Settlement. The Court approves as to form and content the Postcard Notice, Summary Notice, and Detailed Notice in the forms attached as Exhibits B, C, and D, respectively, to the Settlement. The Court further finds that the mailing and publication of Notice in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with the requirements of Fed. R. Civ. P. 23, applicable law, and due process.

11. Co-Lead Settlement Class Counsel shall file their petition for an award of attorneys' fees, reimbursement of costs and expenses, and Representative Plaintiff service awards no later than June 7, 2016.

12. Each Person wishing to opt out of the Settlement Class shall sign (individually, or, if the Person opting out is less than 18 years of age, through the signature of a parent, legal guardian or other legal representative) and timely mail written notice of such intent to the designated Post Office box established by the Claims Administrator. The written notice must clearly manifest an intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than the Opt-Out Date. The Opt-Out Date shall be June 21, 2016, which is forty-five (45) days after the scheduled completion of the Notice Program.

13. Within seven (7) days after the deadline for Persons to request exclusion from the Settlement Class ("the Opt-Out Date"), *i.e.,* no later than June 28, 2016, the Claims Administrator shall furnish to Co-Lead Settlement Class Counsel and counsel for Settling Defendants a complete list of all timely and valid requests for exclusion (Opt-Out).

14. Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement and all Orders entered by the Court in connection with the Settlement. Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits nor be bound by the terms of the Settlement.

15. Settlement Class Members who qualify for and wish to submit a claim under the Settlement shall do so in accordance with the requirements and procedures of the Settlement. The Claims deadline is September 24, 2016. All Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures of the Settlement shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement and the releases contained therein.

16. Each Settlement Class Member wishing to object to the Settlement shall submit a timely written notice of his or her objection. Such notice shall state: (i) the objector's full name, address, telephone number, and email address; (ii) documents or information identifying the objector as a Settlement Class Member; (iii) a written statement of all grounds for the objection, accompanied by any legal support for the objection; (iv) the identity of all counsel representing the objector; (v) the identity of all counsel representing the objector who may appear at the Final Fairness Hearing; (vi) all other cases in which the objector (directly or through counsel) or the objector's counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement, or has been a named plaintiff in any class action or served as lead plaintiff class counsel, including the case name, court, and docket number for each; (vii) a list of all persons who will be called to testify at the Final Fairness Hearing in support of the objection; (viii) a statement confirming whether the objector intends to personally appear and/or testify at the Final Fairness Hearing; and (ix) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation). To be timely, written notice of an objection in appropriate form must be filed with the Clerk of the United States District Court for the Northern District of Illinois, at the address where filings are accepted by the Clerk, no later than June 21, 2016, and served concurrently therewith upon (a) Ben Barnow, Barnow and Associates, P.C., One North LaSalle Street, Suite 4600, Chicago, IL 60602, one of Co-Lead Settlement Class Counsel, and also on counsel for the Settling Defendants: (b) Stephen A. Swedlow, Quinn Emanuel Urquhart & Sullivan, LLP, 500 W. Madison St., Suite 2450, Chicago, IL 60661; and (c) S. Patrick McKey, Bryan Cave LLP, 161 N. Clark St., Suite 4300, Chicago, IL 60601.

17. Unless otherwise ordered by the Court, any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment approving the Settlement, and Co-Lead Settlement Class Counsel's application for an award of attorneys' fees, costs, expenses, and incentive awards.

18. Representative Plaintiffs, by and through Co-Lead Settlement Class Counsel, shall file their motion for final approval of the Settlement no later than July 5, 2016.

19. The Court will hold a hearing ("Final Fairness Hearing") on July 26, 2016 at 11:00 a.m. at the United States Courthouse, Northern District of Illinois, Courtroom 1719, to determine: (a) whether the Settlement is fair, reasonable, and adequate; and (b) whether, and in what amount, attorneys' fees, costs, expenses, and Representative Plaintiff incentive awards should be awarded. The Final Fairness Hearing may be continued without further notice to the Settlement Class.

20. As provided for in the Settlement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the certification of the Settlement Class provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been certified, without prejudice to any party's position on the issue of class certification or any other issue.

IT IS SO ORDERED.

Dated: 3/10/16

                                                      Honorable Manish S. Shah
                                                    United States District Judge